IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JA'DON MALONE,

    Petitioner,

v.                                                           No. 1:26-cv-01003-JDB-jay

WARDEN FNU HEIDLE,

    Respondent.

---

ORDER DENYING MOTION FOR EXTENSION OF TIME AND DIRECTING CLERK TO MAIL FORM

---

On January 2, 2026, Petitioner, Ja'Don Malone, Tennessee Department of Correction prisoner number 00621812, who is incarcerated at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2241, (Docket Entry ("D.E.") 2 (the "Petition")), and a motion for leave to proceed in forma pauperis. (D.E. 3 (the "IFP Motion").)

On January 6, 2026, the Court directed Petitioner to (1) pay the filing fee within thirty days or (2) submit his certified inmate trust fund account statement for the last six months within thirty days. (D.E. 5 at PageID 13-14.) Petitioner's deadline to comply with the Court's January 6, 2026 Order was Thursday, February 5, 2026. (*See id*.) Petitioner failed to do so.

On February 6, 2026, the Court dismissed the Petition without prejudice under Fed. R. Civ. P. 41(b) for Petitioner's failure to prosecute, (D.E. 6), and entered judgment. (D.E. 7.)

Petitioner contemporaneously submitted a letter to the Court stating, "I've not been provided by my housing facility [with a certified inmate trust account statement], despite several

requests." (D.E. 8 at PageID 18.) Petitioner's letter is post-marked February 5, 2026. (D.E. 8-1 at PageID 19.) The Court construes Petitioner's letter as a motion for extension of time to submit his inmate trust account statement for leave to proceed in forma pauperis as to the Petition. (D.E. 8 (the "Motion").) The Motion is not well taken.

Petitioner's claims in the Petition are construed as civil rights claims under 42 U.S.C. § 1983, and not habeas claims under 42 U.S.C. § 2241. (*See* D.E. 2 at PageID 7-8 (alleging "Violation of the 8[t]h Amendment of U.S.C. (Excessive, cruel, and unusual punishments) . . . Violation of 14[t]h Amendment of U.S.C. (Privileges and Immunities) . . . extremely hostile environment . . . Violation of Civil Rights of Institutionalized Persons")); *see also Sims v. King*, No. 3:21-cv-00916, 2022 WL 587585, at *1 (M.D. Tenn. Feb. 25, 2022) ("In federal court, there are 'two main avenues to relief on complaints related to imprisonment:' a habeas corpus petition, and a complaint brought under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004). A challenge 'to the validity of any confinement or to particulars affecting its duration' must be raised in a habeas petition. *Id*. (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). Section 1983, in the context of imprisonment-related complaints, is typically used to 'challenge the conditions of a prisoner's confinement.' *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing *Muhammad*, 540 U.S. at 750; *Preiser*, 411 U.S. at 498–99)."). The Motion for an extension of time to submit Petitioner's inmate trust account to proceed in forma pauperis on the Petition as raising habeas claims (D.E. 8) is DENIED.

To the extent Petitioner wishes to pursue his civil rights claims in the Petition, he must (1) file his claims on the proper form, and (2) either (a) submit the appropriate filing fee or (b) move for leave to proceed in forma pauperis.

First, civil rights claims must be filed on the proper form.  *See* Complaint for Violation of Civil Rights Under 42 U.S.C., § 1983, https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf (the "Civil Rights Complaint Form") (last accessed Feb. 12, 2026).  The Clerk of Court is DIRECTED to mail Petitioner a copy of the Civil Rights Complaint Form.

Second, the civil filing fee for civil rights claims is $405.00.  Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]  Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a down payment of a partial filing fee and pay the remainder in installments.  *Id*. at 604.  However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the District Court, along with the complaint, an in forma pauperis affidavit and a certified copy of his inmate trust account statement for the last six months.  *See* 28 U.S.C. § 1915(a)(2).

IT IS SO ORDERED this 13th day of February 2026.

                                                s/ J. DANIEL BREEN
                                                UNITED STATES DISTRICT JUDGE

---

[1] The civil filing fee is $350.00.  *See* 28 U.S.C. § 1914(a).  The Schedule of Fees set out following the statute also requires an additional administrative fee of $55.00 for filing any civil case.  *See* Local Fees of the United States District Court for the Western District of Tennessee, https://www.tnwd.uscourts.gov/local-fees (last accessed Feb. 12, 2026).  The additional fee does not apply if leave to proceed in forma pauperis is ultimately granted.